UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | |
|---|---|
| In the Matter of the Complaint | Civil Action No.: 16-cv-00520 (SJF)(ARL) |
| -of- | ECF CASE |
| WILLIAM E. COLWIN, as Owner of a 2012, 18 foot, Bayliner 185 Bowrider recreation vessel, for Exoneration from or Limitation of Liability, | **ORDER RESTRAINING SUITS, APPROVING PETITIONER'S SECURITY, DIRECTING ISSUE OF NOTICE AND THE FILING OF CLAIMS** |
| Petitioner. | |

------------------------------------------------------X

A Complaint having been filed herein on February 1, 2016, by the above named Petitioner William E. Colwin, as Owner of a 2012, 18 foot, Bayliner Bowrider recreational vessel (hereinafter the "Vessel") for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §30501 et seq., involving admiralty and maritime claims within the meaning of 28 U.S.C. §1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims concerning any claims and/or losses arising or resulting from a boating incident, which occurred while the Vessel was operating underway upon the navigable waters of the United States, in the vicinity of Cold Spring Harbor, Oyster Bay, Cove Neck, Nassau County, New York, on August 8, 2015, as more fully described in the Complaint;

**AND** the Complaint having stated that the value of the Petitioner's interest in the Vessel did not exceed the sum of $14,900, at the close of the voyage, plus $840 for Vessel tonnage;

**AND** Petitioners have filed with the Court an *Ad Interim* Security dated January 29, 2016, for the benefit of any and all claimants, with surety, equal to the amount or value of Petitioner's interest in the Vessel, with interest at six percent (6%) per annum from the date hereof, executed by Conway C. Marshall, Attorney-in-Fact for Aspen America Insurance Company;

NOW, on motion of attorneys for Petitioner, it is hereby:

**ORDERED** that the above described *Ad Interim* Security, with interest as aforesaid, filed by Petitioners for the benefit of any and all claimants as security representing the Petitioner's interest in the Vessel, be and is **hereby approved**; and

**IT IS FURTHER ORDERED** that the Court, only upon motion and good cause shown, shall cause appraisement of the value of the Vessel, and may thereupon order said security increased or reduced if it finds the amount thereof insufficient or excessive; and

**IT IS FURTHER ORDERED** that any claimant in these proceedings may express, only upon good cause shown and by written notice filed with the Court and served upon all parties of record, its dissatisfaction with Aspen America Insurance Company as surety. In this event, Petitioners shall within thirty (30) days of the entry of an order by the Court concerning the surety, cause security to be posed in the form provided by Supplemental Rule F(1) of the Federal Rules of Civil Procedure and satisfactory to this Court failing which the injunction entered concurrently herewith will be vacated as to all claimants, and the Court will make such further orders as the justice of the cause may require; and

**IT IS FURTHER ORDERED** that a **Notice shall be issued by the Clerk of this Court** to all persons asserting claims or suits with respect to which the Complaint seeks Exoneration from or Limitation of Liability admonishing them to file their respective claims with the Clerk of this Court, in writing, and to serve on the attorneys for the Petitioner a copy thereof, **ON OR BEFORE FRIDAY, THE 1ST DAY OF JULY, 2016**, or be defaulted; and that if any claimant desires to contest either the right to Exoneration from or the right to Limitation of Liability, such claimant shall file and serve on the attorneys for the Petitioner, Thomas M. Grasso, Esq., Littleton Joyce

Ughetta Park & Kelly LLP, 39 Broadway, 34th Floor, New York, New York 10006, an Answer to the Complaint on or before the said date, unless the claim has included an Answer to the Complaint, so designated, or be defaulted; and

**IT IS FURTHER ORDERED** that the aforesaid **Notice shall be published** in Newsday, a newspaper with general circulation including Nassau and Suffolk Counties, New York, once a week for four (4) weeks before the return date of said Notice, as provided by the aforesaid Supplemental Rule "F" and copies of said Notice shall be mailed to Petitioners in accordance with this rule to every person known to have any claim against the Vessel or Petitioner, or to their attorneys; and

**IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution hereafter of any and all actions, suits, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against the Petitioner, his insurer, and/or the Vessel, and the taking of any steps and the making of any motion in such actions, suits, and proceedings except in this action, to recover damages for or in respect to the aforesaid alleged incident in the Complaint, **be and they are hereby restrained, stayed and enjoined** until the hearing and determination of this action, and all warrants of arrest of the Vessel and/or attachment issued or sought in such other actions, suits and proceedings be and the same are hereby dissolved and further warrants of arrest of the Vessel and/or attachment are hereby prohibited; and

**IT IS FURTHER ORDERED** that service of this Order as a Restraining Order be made through the Post Office by mailing a conformed copy hereof to the person or persons to be restrained, or to their respective attorneys.

DATED: May 18, 2016
Central Islip, NY

s/ Sandra J. Feuerstein

_Sandra J. Feuerstein_
UNITED STATES ~~MAGISTRATE~~ DISTRICT JUDGE